## Poster v. Hill Company et al.

*Walter I. Summerfield,* for plaintiff.
*Louis Wagner,* for defendants.

PARRY, J., November 29, 1937.—This is a claim for compensation for disability expected to occur in the future due to present hernia.

Before the referee, claimant testified that he was employed by defendant as a clothing inspector, but, during the lull in selling after the Christmas season of 1935, he filled in time by making up boxes. When lifting a bundle of cardboard to be made into boxes he felt a stab of pain in his right side. The pain increased and he reported it to his employer the next day. At the time of the hearing he was employed at the Philadelphia Navy Yard as a sheet metal helper, handing materials to a mechanic, but, as he testified, doing no lifting.

At the opening of the hearing the defendant's counsel admitted the claimant had a right-sided hernia, but added the statement "no disability as yet".

No evidence was offered of disability, nor even of a diagnosis of hernia, and Referee Rutter's finding that the claimant "was shortly thereafter examined by the defendant's insurance carrier's doctor who diagnosed his condition as being a hernia of the right side" is, so far as we can discover, absolutely without foundation in the record. We note this only to comment that it is most

difficult to review cases when the whole story does not appear upon the record, for the defendant raises no objection to the finding; and the claim petition and answer, plus the defendant's admission, may perhaps warrant the deduction that the claimant's hernia resulted from the lifting.

The referee found in favor of the claimant, making an order that "compensation is suspended until claimant's disability as a result of the accident commences and his loss in earning power established".

The board sustained the referee, and this appeal was taken by the defendant contending, first, that the hernia, due to the circumstances under which it occurred, was not compensable under The Workmen's Compensation Act of June 2, 1915, P. L. 736, and, secondly, that the referee and the board, having found no disability, should have dismissed the petition instead of suspending compensation.

The board in its opinion observes that the hernia was to a certain extent disabling because when the claimant "went to work in the Philadelphia Navy Yard he was not required to do any lifting, indicating that the kind of work he was able to do was that kind of work that did not require him to do any lifting". This is a mere assumption; there is absolutely no evidence that the claimant could not lift things if necessary, or that he would have been given any other kind of work but for his hernia. On the contrary, he himself testified that the hernia was not discovered in the physical examination given him at the Navy Yard.

As the record stands, therefore, there is no evidence or finding of disability. This however is the sole basis for compensation in The Workmen's Compensation Act, supra, sec. 306, and without it there is no ground for an award. Furthermore, under section 315 the time for filing claims is limited to one year after the happening of an accident, and there is no authority for keeping a

possible claim alive beyond that time by any sort of suspended award or order deferring compensation to some indefinite future time when disability may occur. Section 413, cited by counsel for claimant, clearly applies only to existing agreements or awards and cannot be invoked to extend the limitation set in section 315. We are aware that in certain other jurisdictions, as Great Britain, the law provides for a so-called declaration of liability in certain cases, but if such an addition is desirable in our law it is the province of the legislature alone to make it.

For this reason the judgment must be reversed and the defendant's other objection, relating to compensability of the hernia, need not be considered.

### Order

And now, November 29, 1937, the order of the referee, entered herein on March 17, 1936, and affirmed by the Workmen's Compensation Board on October 23, 1936, is hereby set aside, and the record remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.